**GREENBERG TRAURIG, LLP**
Ian C. Ballon (SBN 141819)
*Ballon@gtlaw.com*
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: 650-328-8500

Rebekah S. Guyon (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310-586-7700

Kristin O'Carroll (SBN 312902)
*ocarrollk@gtlaw.com*
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415-655-1300

*Attorneys for Defendant 23andMe, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DHAMAN GILL, individually and on behalf of all others similarly situated, <br><br>     *Plaintiffs*, <br><br> v. <br><br> 23ANDME, INC., <br><br>     *Defendant*. | CASE NO.   2:23-cv-10527 <br><br> **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1332(d) & 1441(a)** <br><br> Action Filed:    October 25, 2023 <br> Complaint Received:  November 16, 2023 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE THAT Defendant 23andMe, Inc. ("23andMe") hereby removes the above-captioned action, *Gill v. 23andMe, Inc.,* Case No. 30-2023-01357041-CU-BT-CXC (the "State Action"), from the Superior Court of California, County of Orange, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(d) and 1441(a). Defendant denies the allegations and relief sought by Plaintiff, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor.

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). In relevant part, CAFA grants District Courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where the putative class size exceeds 100 persons, and where the amount placed in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## REMOVAL VENUE

2. The action was filed in the Superior Court of the State of California for the County of Orange. Venue properly lies in the United States District Court for the Central District of California in the Southern Division pursuant to 28 U.S.C. §§ 84(c)(3), 1391, and 1441(a).

## SERVICE ON THE STATE COURT

3. Pursuant to 28 U.S.C. §1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California,

written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court.

## BACKGROUND

4.      On October 25, 2023, Plaintiff Dhaman Gill ("Plaintiff") filed the Complaint in the State Court Action.

5.      The Complaint asserts claims for Negligence and Unjust Enrichment on behalf of Plaintiff and a putative class of "All California residents whose PII was exposed to unauthorized third parties as a result of the Data Breach experienced by Defendant." Ex. A (Compl. ¶ 28).

6.      Pursuant to 28 U.S.C. § 1446(a), attached to this Notice are true copies of all process, pleadings, and orders served upon 23andMe in the State Action (Exhibit A). For the Court's ease of reference, also attached is the remainder of the state court file (Exhibit B).

## TIMELINESS OF REMOVAL

7.      This Notice of Removal is timely because it is filed within 30 days from service of process on 23andMe or from the date that the Complaint was received.

8.      23andMe received a copy of the Complaint on November 16, 2023. Ex. A.[1]

## THE CENTRAL DISTRICT OF CALIFORNIA HAS ORIGINAL JURISDICTION OVER THE STATE ACTION PURSUANT TO CAFA

9.      Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B) ("CAFA"), a federal district court has jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which [] any member of a class of plaintiffs is a citizen of a

---

[1] Under California Code of Civil procedure §415.30, 23andMe was deemed to have been served a copy of the Complaint on November 27, 2023 when counsel for 23andMe executed and returned the acknowledgment of receipt of summons.

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1332(d) & 1441(a)

State different from any defendant," so long as the class has more than 100 members. 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B).

10.     Contrary to other grounds for removal, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

11.     "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* (quoting S. Rep. No. 109-14, at 43).

12.     To meet the amount in controversy requirement under CAFA, a removing defendant must plausibly assert that the amount in controversy exceeds $5,000,000.00 and, in removal based on diversity, that minimum diversity exists; meaning at least one prospective class member is diverse from at least one defendant. *Ibarra v. Manheim Investments, Inc.*, 775 F. 3d 1193, 1197 (9th Cir. 2015).

13.     This requires only a "short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a); *Dart*, 135 S. Ct. at 553-54.

**A.     *The Diversity Requirement is Met in this Case.***

14.     As noted above, in cases invoking CAFA, minimum diversity exists when at least one prospective class member is diverse from at least one defendant. 28 U.S.C.§ 1332(d)(2)(A). For CAFA removal, "[c]itizenship of the members of the proposed plaintiff classes shall be determined . . . as of the date of filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction." 28 U.S.C. § 1332(d)(7).

15.     23andMe is a Delaware corporation, with its principal place of business in Sunnyvale, California. Compl. ¶ 27. In the Complaint, Plaintiff alleges that the proposed

class consists of "All California residents whose PII was exposed to unauthorized third parties as a result of the Data Breach experienced by Defendant." Ex. A, Compl. ¶ 28.

16.    Significantly, the Complaint does not limit the class to California citizens, but to California **residents**. "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.,* 265 F. 3d 853, 857 (9th Cir. 2001). As the Ninth Circuit explained in *Kanter*, an individual "residing in a given state is not necessarily domiciled there, and thus, is not necessarily a citizen of that state." *Id.* (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)). Stated differently, that the class is comprised of plaintiffs who *reside* in California does not establish that each of its members are *citizens* of California for the purposes of analyzing diversity of citizenship.

17.    The Ninth Circuit has held that residence is not prima facie evidence of citizenship. *Mondragon v. Capital One Auto Finance*, 736 F.3d 880 (9th Cir. 2013). To the contrary, allegations like those plaintiff asserts here have been held to evidence that a putative class is *not* limited to California citizens.  *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) (holding that CAFA's minimum diversity requirement met where "complaint describ[ed] the class as 'all California individuals, businesses and other entities who accepted Visa-branded cards *in California* since January 1, 2004'" because "the class, on its face, included many non-citizens of California." (emphasis added)). *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806 (9th Cir. 2017) (holding that a complaint defining the class as "all individuals who worked for [CFL] *in California* as Truck Drivers and who were classified [] as independent contractors" met the minimum jurisdiction requirement of CAFA (emphasis added)).

18.    Minimum diversity exists here because the class encompasses not only California citizens but also includes non-citizens such as members of the military, out-of-state students, owners of second homes, other temporary residents, and persons who reside in California but are not citizens of the state. *See Mondragon*, 736 F.3d at 884.

19.     Moreover, the class is not restricted to California citizens simply because the claims at issue are brought under California law. Indeed, courts have routinely applied California law to the claims of out-of-state class members where there are "sufficient contacts with California as to each class member's claims such that application of California law to non-resident plaintiffs would not be 'arbitrary and unfair.'" *Rutledge v. Hewlett-Packard Co*., 238 Cal.App.4th 1164, 1187 (2015) (*citing Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821–822 (1985)). In examining whether there are sufficient contacts, courts consider, among other things, the defendant's principal place of business and where the alleged conduct occurred. *Rutledge*, 238 Cal.App.4th at 1187 (applying California law to claims of out-of-state class members where defendant's principal place of business was in California and "policy decisions" were made in California). For its part, the Complaint alleges common law claims for negligence and unjust enrichment. Notably, it also concedes that 23andMe's principal place of business is in California and alleges that a "substantial part of the acts and conduct" complained of occurred in California. Ex. A (Compl. ¶ 3). This is sufficient to support application of California law to non-California citizens. Accordingly, each of the common law claims could be maintained by class members who are not residents of California.

20.     Minimum diversity therefore exists.

**B.     *The Alleged Class in This Case Has More Than 100 Members.***

21.     CAFA applies to cases in which the number of members of a proposed class is more than 100. 28 U.S.C. § 1332(d)(5)(B).

22.     Plaintiff alleges "that the total number of Class Members is in the hundreds of thousands of individuals." Ex. A, Compl. at ¶ 32.

23.     Therefore, Plaintiff's proposed class contains at least 100 members.

**C.     *The Amount in Controversy Exceeds the Sum or Value of $5,000,000 Exclusive of Interest and Costs.***

24.     "[A] defendant's notice of removal need include only a plausible allegation

that the amount in controversy exceeds the jurisdictional threshold." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) (citing *Dart*, 135 S. Ct. at 554).

25.     In assessing the amount in controversy, the court considers the allegations in the complaint. *Gonzalez v. Comenity Bank,* No. 119CV00348AWIEPG, 2019 WL 5304925, at *4 (E.D. Cal. Oct. 21, 2019). The amount in controversy reflects the maximum amount a plaintiff asserts he could recover by way of the complaint and is not a judicial admission regarding liability. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). In calculating the amount placed in controversy, defenses that a defendant may assert— such as a statute of limitations—are not considered. *Riggins v. Riggins*, 415 F.2d 1259, 1262 (9th Cir. 1969) ("[T]he possibility of such a defense being valid does not affect the jurisdiction of the district court to hear and determine the controversy"); *Hernandez v. Towne Park, Ltd*., 2012 WL 2373372, *10 (C.D. Cal., June 22, 2012) ("the fact that [defendant] may assert a limitations defense does not limit the relief sought in the complaint"); *Lara v. Trimac Transp. Services (Western) Inc*., 2010 WL 3119366, *3 (C.D. Cal., August 6, 2010) ("affirmative defenses . . . may not be invoked to demonstrate that the amount in controversy is actually less than the jurisdictional limits.").

26.     Where, as here, the complaint does not plead a specific amount in controversy, a "defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum. " *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *Deaver v. BBVA Compass Consulting & Benefits, Inc.*, No. 13-CV-00222-JSC, 2014 WL 2199645, at *11 (N.D. Cal. May 27, 2014) ("As Defendants have demonstrated by a preponderance of the evidence that the CAFA amount in controversy is satisfied, this lawsuit may remain in federal court."). Under the preponderance of the evidence standard, a defendant simply must show that it is "more likely than not" that the jurisdictional threshold is met. *Ray v. Wells Fargo Bank, NA*., 2011 WL 1790123, at *13 (C.D. Cal. May

9, 2011) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404, (9th Cir. 1996)). A defendant is thus not obligated "to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation." *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007).

27.    Although 23andMe specifically denies liability on whatever legal or factual theory Plaintiff asserts, 23andMe has a reasonable, good faith belief that the amount in controversy alleged by Plaintiff exceeds $5,000,000.00. Plaintiff does not plead an amount in controversy but requests "an award of restitution and damages . . . as allowed by law in an amount to be determined." Ex. A, Compl. at ¶68. Plaintiff alleges that the "Value of the Relevant Sensitive Information," alleged compromised giving rise to the putative class's claims can be quantified based on:

> Numerous sources cite dark web pricing for stolen identity credentials; for example, personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50-200; Experian Reports that a stolen credit or debit card number can sell for $5 to $110 on the dark web; and other sources report that criminals can also purchase access to entire company data breached for $900 to $4,500.

Ex. A, Compl. at ¶ 68.

Plaintiff contends that there are "hundreds of thousands" of potential class members. Assuming that there were only 100,000 class members, and further assuming that each of the members was entitled to $40 (the low end of the estimated value of "personal information"), the amount in controversy would be at least $4 million (100,000 class members x $40 value for personal information).

28.    In addition, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) Plaintiff

pursues class-wide recovery of attorneys' fees. Ex. A, Compl. at Prayer ¶ G. "[T]he Ninth Circuit has established 25% as a benchmark award for attorneys' fees" in class actions. *Lopez v. First Student, Inc*., 427 F. Supp. 3d 1230, 1238 (C.D. Cal. 2019); accord *Austin v. Foodliner, Inc*., No. 16-CV07185-HSG, 2019 WL 2077851, at *6 (N.D. Cal. May 10, 2019). In *Greene*, the Ninth Circuit noted that estimated attorneys' fees that constituted 25 percent of the damages, were reasonable. *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 fn. 4 (9th Cir. 2020). Based on this 25% benchmark, attorneys' fees exceed $1 million.

29.     As such, the $5,000,000 jurisdictional threshold is met. Therefore, jurisdiction in the Central District of California is proper under 28 U.S.C. §§ 1332(d).

## CONCLUSION

30.     For the foregoing reasons, removal pursuant to 28 U.S.C. §§ 1332(d) is proper.

31.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California for the County of Orange.

32.     Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the removal of this action to Plaintiff by serving Plaintiff's counsel by email and U.S. mail.

33.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant are being filed with the Court contemporaneously with this Notice of Removal.

34.     By filing this Notice of Removal, Defendant does not waive any defenses available under the law.

35.     Defendant does not concede that the allegations in Plaintiff's complaint are accurate, or that Plaintiff is entitled to damages, equitable relief, attorneys' fees and costs, or any other form of relief.

THEREFORE, Defendant 23andMe removes this action to this Court from the Superior Court of the State of California, County of Orange.

Respectfully submitted,

Dated: December 15, 2023          GREENBERG TRAURIG, LLP

By: /s/Rebekah S. Guyon
    Rebekah S. Guyon
    *GuyonR@gtlaw.com*
    Attorneys for Defendant

9

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1332(d) & 1441(a)**

**PROOF OF SERVICE**

I am a citizen of the United States and am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1840 Century Park East, Suite 1900, Los Angeles, California 90067; Email: sharifih@gtlaw.com.**

On December 15, 2023, I served the **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1332(d) & 1441(a)** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒    **(BY FIRST CLASS MAIL)**

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service.  The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☐    **(BY OVERNIGHT COURIER)**

I deposited such envelope for collection and delivery by an overnight courier service with delivery fees paid or provided for in accordance with ordinary business practices.  I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by an overnight courier service. They are deposited with a facility regularly maintained by the overnight courier service for receipt on the same day in the ordinary course of business.

☒    **(BY E-MAIL)**

By transmitting via e-mail the document(s) listed above to the addresses set forth above on this date before 5:00 p.m.   This method of service was made pursuant to the agreement of counsel.

☒    **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

  */s/ Haleh Sharifi*
Haleh Sharifi

1

**PROOF OF SERVICE**

1
2

## SERVICE LIST

3
4
REESE LLP
Michael R. Reese
100 West 93rd Street, 16th Floor
5
New York, New York 10025
6
Telephone: (212) 643-0500
Email:  mreese@reesellp.com
7

8

9
George V. Granade
8484 Wilshire Boulevard, Suite 515
10
Los Angeles, California 90211
11
Telephone: (310) 393-0070
Email:  ggranade@reesellp.com
12

13

14
LAUKAITIS LAW LLC
Kevin Laukaitis
15
954 Avenida Ponce De Leon
Suite 205, #10518
16
San Juan, PR 00907
17
Telephone: (215) 789-4462
Email:  klaukaitis@laukaitislaw.com
18

19
*Attorneys  for Plaintiff Dhaman Gill and the Proposed Class*

20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**